No. 22,363.

THE STATE OF KANSAS, *Appellee*, v. HARRY LOOMER, *Appellant.*

SYLLABUS BY THE COURT.

1. STATUTORY RAPE—*Evidence Nonprejudicial.* Rulings in the rejection and admission of evidence in a rape case held to have been correct or nonprejudicial.

2. SAME—*Instructions Not Erroneous.* Rulings regarding instructions given and refused held not to have been erroneous.

3. SAME—*Refusal of Certain Instructions—No Material Error.* Where the evidence of the complainant, if true, shows the commission of the completed offense of rape, and there is nothing in the record to suggest the absence of penetration, no material error is committed in refusing to give an instruction that it is necessary for the state to prove actual penetration.

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion filed October 11, 1919. Affirmed.

*B. J. Carver*, of Paola, for the appellant.

*Richard J. Hopkins*, attorney-general, and *Karl V. Shawver*, county attorney, for the appellee.

The opinion of the court was delivered by

MASON, J.: Harry Loomer was convicted of rape upon a girl twelve years of age, and appeals.

In his behalf it is argued that the evidence did not support the verdict, but the real contention made in this connection is that the evidence of the complainant is untrue—a matter on which the decision of the jury and trial judge is of course final. The case turns so completely on the truth of the story told by the young girl that few serious questions of law are presented, although counsel, doubtless with a desire to omit no step that might possibly be for his client's interest, has presented and argued a considerable number of assignments of error.

1. The mother of the girl on cross-examination testified that she had heard a lawyer, who appears to have been representing her, tell the defendant's brother that he would settle for a thousand dollars—apparently referring to a claim for damages. She added in response to a further question that the lawyer did not say that if this sum were paid no further effort would be made in the criminal case. She was then asked if that was not what he meant, and an objection to the question was sustained. This ruling is complained of, but is manifestly correct, as the answer could only state a conclusion, and not a fact within the knowledge of the witness.

The defendant's wife was called as a witness in his behalf, and in the course of her testimony was asked whether she had heard the complainant make certain statements. Error is assigned with regard to the sustaining of an objection to this question. The ruling cannot be reviewed, inasmuch as no showing was made as to what answer would have been given. (*State v. Wellman,* 102 Kan. 503, 170 Pac. 1052.)

Complaint is made of the overruling of objections by the defendant to eleven separate questions asked of the state's witnesses by the prosecutor. Most of these rulings do not require to be passed upon. In six instances, no answer was returned to the question objected to. In three others, a formal answer was returned, but it was essentially negative, adding nothing to the case against the defendant. In one of these three instances, a witness was asked if he remembered the time that Mr. Loomer was at a lawyer's office in Kansas City to

settle the matter, and answered that he did not.  In another, the complainant's mother was asked if her daughter told her what caused her condition; she returned an affirmative answer, but no further inquiry was made as to what it was that had been told her.  In the remaining instance, the same witness was asked if she could tell when a portion of the human anatomy is infected, and gave a negative answer.  Manifestly no prejudice could have resulted to the defendant from the court permitting these answers to be given.

The two remaining questions to which objection was made were asked in an effort to impeach the defendant's mother, who had testified in his behalf.  She was asked on cross-examination whether she had not said to one person that if her son did n't quit he would land in jail, and to another that on a particular occasion she had left the complainant at home although she was crying to come with her.  Witnesses for the state were permitted to testify that she had made both these statements.  Proper foundations having been laid, the questions appear to have been competent, but in any event the matter elicited was not sufficiently important to form the basis for a reversal.

2.  An instruction was given to the effect that if the jury believed the testimony of the complainant they might convict, even if there were no corroborating evidence.  This is objected to, but has already been held proper in similar circumstances. (*The State v. Orth*, 101 Kan. 183, 186, 165 Pac. 652.  See, also, 33 Cyc. 1495, 1496, 1512.)

Complaint is made of the refusal to give a requested instruction beginning with the statement that "the charge of rape against a person is easy to make, difficult to prove, and more difficult to disprove," and cautioning the jury on that account to compare and weigh all the testimony carefully and deliberately and without bias, a number of specific matters requiring such consideration being then enumerated.  The words quoted are a paraphrase of those of Lord Hale.  (1 Hale's Pleas of the Crown, 635.)  It is said that since his time "no case has ever gone to the jury upon the sole testimony of the prosecutrix, unsustained by facts and circumstances corroborating it, without the court warning them of the danger of a conviction on such testimony."  (22 R. C. L. 1230, quoting from *People v. Benson*, 6 Cal. 221, 223.)  The present case is not of the

character referred to, for while the story told by the complainant was the principal reliance of the state, it did not lack corroboration.   It is true that convictions of rape have been reveised for the refusal to give requested instructions coupling such a warning with other statements held to be correct, the courts apparently attaching as much importance to that omission as to any of the others.   (*Connors v. The State,* 47 Wis. 523; *Reynolds v. State,* 27 Neb. 90.)   But, on the other hand, convictions have been affirmed notwithstanding the refusal of instructions like that here involved, the couits saying that such statements as that of Lord Hale with regard to the difficulty of defending against a charge of rape are not rules of law, but matters of argument.   (*Doyle v. The State of Florida,* 39 Fla. 155; Crump's Case, 98 Va. 833; *People v. Barney,* 114 Cal. 554.)   Doubtless conditions may exist making such a caution necessary, and in that case it should of course be given. Whether it is necessary or not must depend upon the particular facts.   Here we do not regard its omission as calling for reversal.   The jury were told that they should weigh all the evidence, and it was not essential that the court should direct their attention to the specific items.

3.   A further instruction was asked to the effect that the state was required to prove actual penetration, and its refusal is assigned as error.   The defendant did not take the stand, and there was nothing in the evidence to suggest that if the complainant's stoiy was true at all there was any question that penetration was accomplished.   For the court to have intimated the existence of a doubt on the subject might have tended to obscure the real controversy by diverting attention to an imaginary issue lacking any substantial basis.   At all events, in the absence of any special feature of the case calling for it, we do not regard the refusal to give the instruction as constituting material error.

The judgment is affirmed.