No. 47,382

STATE OF KANSAS, *Appellee*, v. ROBERT A. HORNE, *Appellant*.

(524 P. 2d 697)

Opinion filed July 17, 1974.

*Richard J. Rome*, of Hutchinson, was on the brief for the appellant.

*Porter K. Brown*, County Attorney, argued the cause, and *Vern Miller*, Attorney General, was with him on the brief for the appellee.

*Per Curiam:* Defendant, Robert A. Horne, appeals from a conviction by a jury of burglary and theft.

Cash and tools were stolen from the Massey-Ferguson Farm Center in Hutchinson on September 5, 1971. At the trial James Edens testified that he, Thomas Collins, and defendant committed the burglary and theft. Certain hand tools found in defendant's car were admitted into evidence.

Defendant claims that admission of the tools into evidence was reversible error because the chain of custody had been broken. After the detectives seized the tools they were marked, transported to headquarters, and deposited in the evidence locker. The tools were released to a detective (Pflughoft) for the preliminary hearing and returned to the evidence locker. The custodian of the locker did not know who returned the tools or when the tools were returned to the locker after the preliminary hearing. In *State v. Tillman*, 208 Kan. 954, 494 P. 2d 1178, we said:

". . . It is not necessary, however, that the object offered into evidence should have been kept continuously under lock-and-key or continuously sealed up. The preliminary proof of the identity of the object and that the same has not been improperly tampered with, is first to be determined by the trial court. It is not necessary that all possibility of its being tampered with should be excluded. (*State v. Cook*, 17 Kan. 392; *State v. Frideaux*, 207 Kan. 790, 487 P. 2d 541.) The ultimate question of the sufficiency of the proof is, of course, for the jury to determine. . . ." (p. 959.)

The tools were identified at trial by one of the detectives who initially seized them. Under the circumstances we find no error in the admission of the tools.

Defendant attempted to compel attendance of two out-of-state witnesses. Although defendant knew the witnesses were out-of-

state, he failed to utilize K. S. A. 1973 Supp. 22-4203 which provides for summoning an out-of-state witness to testify within this state. Proposed witness Collins was confined in the Granite Reformatory, Granite, Oklahoma. K. S. A. 1973 Supp. 22-4210 provides for summoning a person confined in a penal institution in another state to testify within this state. In *State v. Hemminger*, 203 Kan. 868, 457 P. 2d 141, cert. den. 396 U. S. 1045, 24 L. Ed. 2d 689, 90 S. Ct. 696, it was stated with respect to K. S. A. 62-2803 [repealed L. 1970, Ch. 129], now K. S. A. 1973 Supp. 22-4203, the statute for summoning out-of-state witnesses:

"Where, as here, the defendant makes no request for the attendance of an out of state witness and makes no effort to comply with statutory requirements by showing such witness would be material, he cannot successfully claim that he was denied compulsory process (citing cases)." (p. 871.)

Here, defendant attempted to subpoena out-of-state witnesses but failed to comply with the method prescribed by statute.

Defendant alleges that during deliberation of the case the jury requested some testimony be read back to it by the court reporter. One juror jotted down notes during the reading. No timely objection was made to the note taking. As a general rule, it is not error per se for a juror to take notes during the trial and it clearly does not fall into that class of misconduct where a new trial must be peremptorily granted without a showing of prejudice to substantial rights. (*State v. Jackson*, 201 Kan. 795, 443 P. 2d 279, cert. den. 394 U. S. 908, 22 L. Ed. 2d 219, 89 S. Ct. 1019; and *Pulkrabek v. Lampe*, 179 Kan. 204, 293 P. 2d 998, 54 A. L. R. 2d 732.)

Defendant's final contention is that the court erred in admitting the statement of Edens which included evidence of other crimes allegedly committed by the defendant. During trial, counsel for the state moved to introduce the statement at which time counsel for defendant stated that he had no objection to its introduction.

K. S. A. 60-404 provides:

"A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence *unless there appears of record objection to the evidence timely interposed and so stated* as to make clear the specific ground of objection." (Emphasis supplied.)

The contemporaneous objection rule requires timely and specific objections to the admission of evidence in order that the question of admissibility be considered on appeal. (*State v. Shepherd*, 213 Kan. 498, 516 P. 2d 945.)

The judgment of the trial court is affirmed.