No. 47,522

State of Kansas, *Appellee,* v. Willie Hampton, *Appellant.*

(529 P. 2d 127)

Opinion filed December 7, 1974.

*Jim D. Mills,* of Garden City, argued the cause and was on the brief for the appellant.

*Harrison Smith,* county attorney, argued the cause, and *Vern Miller,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

Fontron, J.: This is an appeal by the defendant, Willie Hampton, from a conviction of rape in violation of K. S. A. 1973 Supp. 21-3502 (1) (*a*). The offense is alleged to have occurred September 8, 1973. Mr. Hampton was sentenced to a term of imprisonment for not less than ten nor more than forty years pursuant to the provisions of the Habitual Criminal Act, K. S. A. 1973 Supp. 21-4504.

In view of the nature of the points presented on appeal we will not delve deeply into the facts surrounding the offense, but a brief résumé is in order.

The incident occurred shortly after midnight at the Ale House where both the complaining witness and the defendant were em-

ployed. The victim, who shall be nameless, had closed the tavern after all the customers had left and was proceeding to leave when accosted by Mr. Hampton, who had stayed behind. Without relating details, we may say that during the episode which followed, according to the complainant's testimony, the defendant forcibly threw her down on the floor, strangled her with his hands and held a sharp object against her throat, an object which she took to be a knife. After he had attained his objective through a combination of force and fear, the defendant proposed that the victim extend him favors in the future for which he would pay.

The errors alleged center upon the testimony of three women concerning sexual assaults upon them by defendant. The defendant contends their testimony was inadmissible under that portion of K. S. A. 60-455 which recites that evidence that a person has committed a crime on a specified occasion is inadmissible to prove his disposition to commit crime as a basis for inferring that he committed another crime on another occasion. He contends further that the trial court misdirected the jury with respect to the testimony. Before proceeding to the merits of these contentions, we must recount the substance of the challenged evidence.

Again, we shall not go into the explicit details of the defendant's past conduct as related by the other women, nor shall we reveal their names. Two of the incidents occurred in 1971, when the defendant is said to have assaulted two of the witnesses on separate occasions and attempted, unsuccessfully, to have sexual intercourse with each of them. Although the victims were eventually able to make their escape, their testimony was to the effect that the defendant choked or strangled them in his efforts to have intercourse. Shortly after these two incidents occurred Mr. Hampton appears to have been sentenced to prison on a charge of attempted rape.

The third incident occurred August 29, 1973, less than a month before the present offense is alleged to have taken place. On this occasion the defendant was successful in his designs, and the assault culminated in sexual intercourse. During this episode, also, the defendant choked or strangled his victim and, after completion of the offense, offered money should he be accorded future favors.

In our opinion the testimony of the three women was properly admitted under K. S. A. 60-455. The latter part of this statute, which has been before this court on a number of occasions, provides in substance that evidence of other similar crimes or civil wrongs is admissible when relevant to establish motive, opportunity, intent,

preparation, plan, knowledge, identity or absence of mistake or accident.

We have been careful to point out, however, that the trial court, in its instructions to the jury as to the purpose for which evidence of other offenses may be considered, must designate with particularity the specific elements to which the evidence may be relevant. In other words, the court is not to fire a sweeping broadside to the effect the evidence may be considered as to all eight elements, where it is relevant to less than all. In *State v. Jenkins,* 203 Kan. 354, 454 P. 2d 496, we said that if evidence of a prior crime is not relevant to prove all the elements mentioned in the statute, those that are irrelevant should be omitted from the instruction.

Heeding past admonitions of this court, the trial judge instructed the jury that evidence of past offenses was offered for the purpose of showing *intent* and *plan of operation.* We regard the court's instruction to such effect as being correct.

As now defined by statute, (K. S. A. 1973 Supp. 21-3502) rape is the act of sexual intercourse by a man with a woman other than his wife under four sets of circumstances. The first of those circumstances is ( *a* ) "When a woman's resistance is overcome by force or fear." Either the use of force or the use of overbearing fear is a necessary ingredient of the offense of rape. The sexual act must be committed against the will and without the consent of the woman; her resistance must be overcome. Thus it is that the intent with which a marauding male approaches a member of the opposite sex in seeking sexual gratification becomes important. Is it his intent to satisfy his lust at any cost, that is, against the lady's will and by overcoming her resistance, or is it simply to find an accommodating partner? If the first be his intent, and the sexual act is accomplished by destroying resistance, the statute has been violated. On the other hand, if it be his intent merely to cajole the lady into acquiescence, and he is successful, intercourse is on a mutually enjoyable basis, and rape, it is not. Intent and plan of operation are highly significant; they are relevant to the issue of consent or lack thereof.

The offenses concerning which the other women testified bear a marked similarity to the instant case in that the respective victims were choked or strangled, although not mortally. Further likenesses appear. In one of the other episodes, the defendant used a knife, as here, and in yet another he offered, after the act, to pay for intercourse in the future. Although issues going to identity, knowl-

edge, absence of mistake, etc., were not present in this trial, the force displayed on similar occasions had a material bearing as to the intent with which the defendant approached the victim in this case, and his plan of procedure should he encounter opposition. In *State v. Masqua*, 210 Kan. 419, 502 P. 2d 728, one of the charges against the defendant was forcible rape. Evidence of two other violent assaults upon women was admitted in evidence. On appeal, we held the evidence proper to show, among other elements, intent and plan or mode of operation.

The trial judge used a sharp scalpel in pinpointing the purposes for which the jury must consider evidence of the other offenses. The evidence could be considered, so he said, "only for its value, if any, as circumstances bearing upon the question of the defendant's intent and plan of operation." In this respect the instruction closely follows PIK Criminal 52.06 and we deem it a correct pronouncement of the law.

We believe the probative value of the evidence sufficiently outweighed its prejudicial effect so that its admission was proper within the limits of judicial discretion. (*State v. Nading*, 214 Kan. 249, 255, 519 P. 2d 714.)

The judgment of the court below is affirmed.