No. 47,617

STATE OF KANSAS, *Appellee*, v. TONY R. JAMES, *Appellant*.

(535 P. 2d 991)

Opinion filed May 10, 1975.

*Michael Lerner*, of Barnett & Lerner, of Kansas City, argued the cause and was on the brief for the appellant.

*Stephen M. Joseph*, Assistant District Attorney, argued the cause, and *Curt T. Schneider*, Attorney General, and *Keith Sanborn*, District Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: Defendant-appellant (Tony R. James) appeals from convictions by a jury of aggravated burglary (K. S. A. 21-3716), rape (K. S. A. 21-3502), and aggravated sodomy (K. S. A. 21-3506). Various trial errors are raised on appeal.

The victim of the rape and sodomy, who will not be named, was unmarried at the time. She occupied a residence in Wichita with another woman, who was at work during the night in question. The victim entertained her boyfriend the evening of April 7, 1971. They watched a movie on television which ended about 10:30 or 11 p. m., when they went out for a coke. After her boyfriend returned the victim to her residence, she prepared for bed. About five minutes after her boyfriend left she heard a knock on the front door. She fixed the time at approximately 11:45 p. m. She went to the door and inquired who was there and received a reply—"This is the Police Department." She opened the door and discovered a man whom she identified as defendant—"coming through the door at me." The victim further testified that defendant immediately wedged his foot between the wall and the door and, although she tried to push him out, he pushed her inside and

came through the door. Defendant placed an instrument, which the victim described as small and pointed, to her neck, put his hand over her nose and mouth, and told her to do exactly what he said and she would not get hurt. She was shoved along through the living room and hallway into the bathroom where she was forced to commit oral copulation, following which she was raped. Defendant had placed a towel over the victim's head, and after completing intercourse, he took the towel off, told her not to look up at him, handed her the towel, and told her to wipe herself so he could watch; defendant then placed the towel on her head. After instructing the victim again to keep her head down, defendant departed through the back door. The victim made a positive in-court identification of defendant.

The principal issue at trial was the identity of the perpetrator. Defendant's counsel vigorously cross-examined each of the state's witnesses who gave identification testimony.

Defendant specifies as his first point of error—"The trial court erred in admitting evidence of prior offenses contrary to K. S. A. 60-455." Actually, the offenses referred to occurred subsequent to the offenses for which defendant was tried, but prior to trial. No point is made in this regard. They were sex related offenses bearing similarity in numerous respects to the incident giving rise to the charges in the instant case. The first of the two subsequent incidents occurred the night of June 12, 1971, and the second during a night early in October 1971. It appears that charges were not filed on either of these two incidents.

During the state's opening statement the prosecuting attorney informed the jury that the state would present evidence concerning the first incident and described it in some small detail. There was no objection. The prosecutor commenced to tell the jury of the second incident, at which time the defendant lodged an objection, which defendant says was made on the ground that the state was seeking to prove a character trait which is prohibited by K. S. A. 60-447, and additionally that none of the eight purposes for which K. S. A. 60-455 allows such evidence, were present. Out of the presence of the jury, the trial court heard extensive arguments of counsel, which are reproduced in the amended record on appeal. The record indicates the court was fully informed as to the particulars of the second incident and made inquiry into the state's justification for offering the testimony. The court overruled

defendant's objection, and evidence of the second subsequent incident was received at trial without further objection either to any of the evidence or the limiting instruction under K. S. A. 60-455 given in connection therewith. Even though no objections were made during trial, in his motion for a new trial defendant claims error with respect to evidence of both subsequent incidents, as well as to the scope of the 60-455 instruction. Since defendant failed to make timely objection to evidence of the first subsequent incident, appellate review is foreclosed pursuant to the contemporaneous objection rule prescribed by K. S. A. 60-404. (*State v. Horne*, 215 Kan. 448, 524 P. 2d 697; and *State v. Shepherd*, 213 Kan. 498, 516 P. 2d 945.) Nevertheless, we have examined the testimony concerning the first, or June 12, incident and find the rape and sodomy committed on that occasion to have been perpetrated under circumstances very similar to those shown in the case on trial. The evidence was clearly admissible on the issue of identity.

Although evidence of the second subsequent incident, which occurred in October 1971, was not objected to when offered at trial, because of defendant's objection during the state's opening statement, we deem the question raised is entitled to consideration. Even though the acts of rape and sodomy were not consummated, we believe the victim's testimony concerning the perpetrator's conduct, language used, and other surrounding circumstances shows sufficient similarity to make the evidence relevant on the issue of identity. This victim testified that around midnight on a date early in October 1971, her husband was working and she was home alone. The night was hot and the front door had been left open. The victim was lying on the couch watching television when someone came to her front door. She testified "he told me not to move, he had a gun and to do whatever he told me to do." The victim further testified that the encroacher told her to keep her eyes closed, roll over on her back, spread her legs, keep one foot on the floor—"Then he told me to take off my top and to play with my breasts; and then he kept telling me to play with myself and everything." The victim testified that she did all the things the intruder told her to do because she was afraid since he had told her he had a gun. The victim testified the encroacher remained at the front door about ten to fifteen minutes, but she never got a good look at him. Her husband arrived home a few minutes later. He testified that, as he approached his apartment, he

got a good look at a man who jumped off the front steps; that the man was visible because of a nearby street light, and the light from a porch light on the next door apartment. The husband made a positive in-court identification of defendant.

As we have indicated, the trial court in the first instance heard arguments and considered the matter outside the presence of the jury; under the overall facts and circumstances shown by the record, we believe its ruling should stand. Where identity is the critical issue in a criminal case, evidence of similar offenses is of particular probative value. Here all three of the offenses were sex related. In all three, similar sexual deviation and voyeuristic conduct was evidenced, each occurred in the same part of Wichita and each within one hour of midnight. Threats of physical violence and instructions were given to the victim in each case in identical or very similar language. In each instance the encroacher came to the front door and employed similar methods by means of which he attempted to prevent the victim from getting a view of his face. As we have previously indicated, the trial court carefully considered the matter in the first instance and we are unable to say that abuse of discretion is shown.

The same issue was presented in similar context in *State v. Masqua*, 210 Kan. 419, 502 P. 2d 728, cert. den. 411 U. S. 951, 36 L Ed. 2d 413, 93 S. Ct. 1939. At page 423 of the opinion in *Masqua*, Chief Justice Fatzer speaking for the court said:

".  .  . Moreover, while independent of the charges in question, the testimony reflected offenses of a similar character; under proper instructions outlining the purpose of such testimony it was admissible as showing identity, guilty knowledge, intent, plan or mode of operation, and motive. (Citing cases.)."

We also note that the facts and issues before us in the instant case bear marked resemblance to those appearing in *State v. Hampton*, 215 Kan. 907, 529 P. 2d 127. It will suffice to say our conclusion herein accords with that decision. See, also, *State v. Gonzales*, 217 Kan. 159, 535 P. 2d 988.

Defendant's second point is directed to instruction No. 12 which limited the jury's consideration of the evidence of other offenses as provided by K. S. A. 60-455. The instruction given was in "shotgun" form including all of the eight elements enumerated in the statute. Since the evidence was relevant to identity—the critical issue in the case—the instruction was not erroneous as a matter of law and it became the law of the case upon defendant's acquiesence. (*State*

*v. Masqua,* supra, and cases cited therein.) We note, in passing, that this case was tried on January 10, 1972, prior to the caveat of this court concerning "shotgun" type instructions under 60-455 announced in *State v. Bly,* 215 Kan. 168, 523 P. 2d 397; *State v. Clingerman,* 213 Kan. 525, 516 P. 2d 1022; and *State v. Masqua,* supra.) We were informed on oral argument that the delay in perfecting this appeal stemmed primarily from defendant's change of counsel.

In his next point defendant challenges instruction No. 5 setting out the elements of rape as prescribed in K. S. A. 21-3502. The phrase "sexual intercourse" is used in the instruction, but the court omitted a definition thereof as set out in K. S. A. 21-3501 (1). Defendant's claim of error cannot be sustained because he failed to object at trial and the instruction as given is not clearly erroneous since it was complete and correct in all other respects. As previously indicated, the only issue in the case was identity. The facts of rape and sexual intercourse were not disputed. (See *State v. Loomer,* 105 Kan. 410, 184 Pac. 723.)

In his fourth point defendant claims a note sent by the jury, during deliberations, to the trial court indicates the jury was not impartial. Defendant contends the court erred in not granting a new trial because of this note. The note in question, as reproduced in the state's brief, reads:

"How was this Tony James identified with or accused of the last two crimes? Was there a line-up? *Why didn't the defense offer some defense in this case?* Or are we allowed to ask this?" (Emphasis supplied.)

The underlined sentence, upon which defendant makes his point, had been crossed out, indicating the jurors realized, even before sending the note, that they were not to consider defendant's failure to testify. Defendant, however, contends the jury "obviously" ignored the court's instruction No. 13, wherein the jury was instructed not to consider the fact he did not testify. It appears to us, however, that the crossing out of the sentence, concerning defendant's failure to testify, indicates the jury did remember instruction No. 13. Any uncertainty as to what the jurors should and could consider was erased by the court's answer to their note. The court replied:

"The jury may consider only the evidence which has been introduced in the present case. Please review Instructions Nos. 9, 13 and 18."

The instructions referred to informed the jury that the burden of proof never shifts from the state to the defendant; that it was not to consider in any manner the failure of the defendant to testify or

construe it as a circumstance against him; and that it was not to consider anything in connection with the case except the evidence which had been admitted and the law given in the instructions.

In his last point defendant contends the trial court committed reversible error in giving instruction No. 20. Defendant contends this general instruction, which informed the jury that it was to lay aside all pride of opinion and not espouse or maintain, in a spirit of controversy, either side of the case, was erroneous as violating defendant's Sixth Amendment rights to a jury trial in that it unduly pressured the jury into believing that it had a requirement to return a unanimous verdict. Here again, the record does not reflect that defendant objected to the giving of instruction No. 20, and defendant cites no authority indicating the instruction was clearly erroneous. This court has, on several occasions, considered and approved instructions similar in substance to that complained of herein. (*State v. Boyd*, 206 Kan. 597, 481 P. 2d 1015, cert. den. 405 U. S. 927,30 L. Ed. 2d 800, 92 S. Ct. 977; *State v. Oswald*, 197 Kan. 251, 417, P. 2d 261.)

We find no reversible error shown and the judgment is affirmed.

FROMME, J., not participating.

PRAGER, J., concurring: I concur with the majority in the result reached in this case. Identity was clearly the crucial issue in the case. The record indicates sufficient similarity in the factual circumstances between the other offenses admitted into evidence and the one charged to allow a reasonable inference that the person who committed the other offenses also committed the instant offense. The evidence of other offenses was thus properly admitted to prove identity.

However, for reasons set forth in my dissent in *State v. Gonzales*, 217 Kan. 159, 535 P. 2d 988. I cannot agree with the reliance by the majority on *State v. Hampton*, 215 Kan. 907, 529 P. 2d 127; and *State v. Masqua*, 210 Kan. 419, 502 P. 2d 728, cert. den. 411 U. S. 951, 36 L. Ed. 2d 413, 93 S. Ct. 1939.