No. 47,652

STATE OF KANSAS, *Appellee*, v. RAYMOND R. GONZALES, *Appellant*.

(535 P. 2d 988)

Opinion filed May 10, 1975.

*Jerry L. Soldner,* of Calihan, Green, Calihan and Loyd, of Garden City, argued the cause and was on the brief for the appellant.

*John Shirley,* deputy county attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Keen K. Brantley,* county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: Raymond R. Gonzales was convicted by a jury of the offense of rape (K. S. A. 21-3502 [a]). His motion for new trial was denied, he was sentenced and now appeals. His points on appeal involve the admission of evidence of other offenses committed by him and the instructions relating thereto.

The state's evidence showed the following: On the evening of March 16, 1974, the prosecutrix, Ms. R, her male companion Rodriquez and appellant drove in an automobile from Scott City to Leoti to locate another female. After considerable searching in and around Leoti they were unable to find her and the trio commenced the return trip to Scott City. Ms. R was seated between the driver Rodriquez and appellant. An argument developed between Rodriquez and appellant concerning advances appellant was making toward Ms. R during the trip. Upon Rodriquez' instructions Ms. R got into the back seat of the vehicle. As the group neared Scott City appellant leaped into the back seat and held an "object" against the neck of Ms. R. Rodriquez stopped the car and ran into a field. Appellant left the car and engaged in conversation with Rodriquez. Rodriquez refused to return to the car. Appellant re-entered it and drove away.

After a short drive appellant stopped the car and got into the

back seat with the prosecutrix. He struck her in the face with his fist and told her to undress. She refused; however, following the threat of further blows she removed her clothing and sexual intercourse occurred. Appellant then drove Ms. R to her home and let her out saying that if she told on him he would get some time for it but he would get her when he was released. A short time later Mr. Rodriquez arrived, accompanied by local police. Ms. R was taken to the police station to make a statement and then to a hospital for examination.

A Ms. C testified that on February 3, 1974, she lived with a Mr. Kenmore; that evening appellant came to her home and picked up Kenmore to go drink a beer; she knew who appellant was but had never spoken to him prior to that evening; later appellant returned to the house alone, explaining that Kenmore had passed out in the car; appellant asked her for a drink of water; when she returned from the kitchen with the water appellant was pointing a gun at her; he told her to go into the bedroom and undress; she complied and sat on the bed; however, when appellant came over to her she pushed him away telling him she was pregnant and concerned over the welfare of her child; appellant said if she would kiss him he would leave; he wanted her to promise she wouldn't turn him in; no sexual intercourse occurred and appellant left the premises. In connection with this incident appellant pled guilty to the offense of aggravated assault in the district court of Wichita county, Kansas.

Ms. F testified that she knew appellant's brother and he had introduced appellant to her; one evening in November, 1973, appellant came to her house; she unlatched the door and let him in; he told her about a man who would pay money if she would make love to him; she said "No"; appellant stayed awhile and they talked; then appellant grabbed her throat and choked her; while doing so he undressed her; "the sex act" took place between them. The witness further testified: "I cannot recall whether there was any penetration . . . I cannot state that there was any penetration. . . ."

The evidence of appellant's conduct with Ms. F and Ms. C was received over appellant's objection that it was irrelevant and prejudicial. The trial court instructed the jury this evidence revealed acts similar to that charged in the information and was to be considered only for its bearing upon appellant's intent, motive

and plan of operation. Appellant renews here his objection to the reception of the evidence and he further complains the trial court erred in telling the jury the other acts were similar and could be considered for their bearing upon appellant's intent, motive and plan of operation. Appellant contends the other acts were in fact dissimilar and revealed no particular pattern or routine; that this evidence did not supply a motive for the offense upon trial, and further that intent was not in issue since a specific intent is not an ingredient of the offense of rape, the only issue in the case being whether the prosecutrix consented to the act of intercourse.

We think appellant's contentions are answered adversely to his position in *State v. Hampton*, 215 Kan. 907, 529 P. 2d 127. There evidence of other offenses was received in a prosecution for rape. The probative value of this type of evidence pursuant to K. S. A. 60-455 was discussed at length. We need not iterate that discussion. The evidence was held to be properly received, this court saying:

". . . the force displayed on similar occasions had a material bearing as to the intent with which the defendant approached the victim in this case, and his plan of procedure should he encounter opposition." (p. 910.)

In the case at bar there was a display of force by appellant in all three of the acts shown. There was sufficient similarity and under authority of *Hampton* it must be held the trial court did not abuse its discretion in admitting evidence of the other offenses; further, appellant was not prejudiced by the court's instructions to the jury as to the purposes for which the evidence might be considered.

The judgment is affirmed.

APPROVED BY THE COURT.

FROMME, J., not participating.

PRAGER, J.: I respectfully dissent. Specifically, I disagree with the reliance by the majority on *State v. Hampton*, 215 Kan. 907, 529 P. 2d 127. Although I was with the majority in *Hampton*, upon reconsideration I now feel the result reached there was incorrect.

Great caution must be exercised with regard to the admission of other crimes evidence pursuant to K. S. A. 60-455 because of its highly prejudicial nature. Other crimes evidence has no probative value and hence is not admissible if the fact it is supposed to prove is not substantially in issue. (*State v. Bly*, 215 Kan. 168, 523 P. 2d

397.) Here, the evidence was introduced and admitted to prove defendant's intent, motive, and plan of operation. In my judgment none of them were substantially in issue in this case.

A defendant's specific intent is not a genuine issue in a rape case. Other crimes evidence offered to prove intent, where intent is not substantially in issue, amounts to no more than showing the defendant's disposition or inclination for bad conduct. This is clearly impermissible under the statute and our case law. (*State v. Cross*, 216 Kan. 511, 532 P. 2d 1357.) In the present case evidence of the defendant's prior odious sexual conduct had no bearing on the matters in issue. In a rape case the burden is on the state to prove that the femal victim was overcome by force and subjected to sexual intercourse without her consent. It is *her* intent and state of mind which is of supreme importance. If the defendant voluntarily committed the act of forcible sexual intercourse his specific intent is immaterial. Defendant's prior offenses have no probative value on the question of the victim's consent. (See *State v. Moore*, [La.] 278 So. 2d 781; *Lovely v. United States*, [C. A. 4th, 1948] 169 F. 2d 386; *Alford v. State*, [Ark.] 266 S. W. 2d 804.) They only serve to show defendant's bad character, his disposition or inclination which are outside the scope of 60-455. Put another way, simply because a man may have raped or attempted to rape other women in the past does not raise a reasonable inference that the woman in the case in question did not consent.

The evidence was also admitted for the purpose of proving defendant's motive. Motive is not a real issue in the case at bar. Motive has been defined as "an inducement or state of feeling that impels and tempts the mind to indulge in a criminal act." (M. C. Slough, *Other Vices, Other Crimes: An Evidentiary Dilemma*, 20 Kan. L. Rev. 411, 418, citing Wigmore, Evidence, 3rd Ed., §§ 117, 118, 396, 397.) The only conceivable motive for rape is the desire for sexual gratification. Motive is irrelevant to the matters in issue in a rape case.

Plan of operation likewise was not a genuine issue in this case. Professor Slough states:

". . . plan refers to an antecedent mental condition that evidentially points to the doing of the act or acts planned. Something more than doing similar acts is required to evidence design, as the object is not merely to negative an innocent intent, but to prove the existence of a definite project directed

toward completion of the crime in question." (20 Kan. L. Rev., *supra* at 419 quoting 2 Wigmore, Evidence, 3d Ed., § 300.)

In the instant case there is very little similarity between the crime charged and the other offenses admitted into evidence. Certainly they do not evidence any sort of preconceived pattern or plan of operation.

The majority opinion would seem to call for a conservative approach to the admission of other crimes evidence in all types of criminal cases except rape cases. Rape cases are apparently to be treated differently, with the door left wide open to almost anything in the way of other crimes evidence. 60-455 by its express language is not to be used as a tool for proving the defendant's bad character or his disposition or inclination to commit crime. Rather, the statute allows admission of prior offenses only for the eight stated purposes. Admission of other crimes evidence is proper only after a determination that one of these elements is in issue and that its probative value outweighs the potential for prejudice. For the reasons set out above I have concluded that the admission of defendant's prior offenses constituted prejudicial error. I would reverse the case and grant defendant a new trial.

OWSLEY, J., joins in the foregoing dissenting opinion.