No. 48,042

STATE OF KANSAS, *Appellee*, v. DONALD ALFRED YATES, *Appellant*.

(556 P. 2d 176)

Opinion filed November 6, 1976.

*Robert W. Hedrick*, of Kansas City, Kansas, argued the cause and was on the brief for the appellant.

*Dennis L. Harris,* deputy district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Nick A. Tomasic,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is an appeal by the defendant, Donald Alfred Yates, from conviction on two counts of aggravated sodomy, as defined in K. S. A. 21-3506.

On the evening of October 20, 1973, two young boys, ages fourteen and fifteen, were walking down a Kansas City, Missouri, street when they were given a ride by defendant. After driving into Wyandotte County, Kansas, he stopped the automobile in two different secluded locations whereupon he forced the youths to participate in various sexual acts. After a time, the two boys managed to escape and summon police. Defendant's first conviction was for his assault upon the fourteen-year-old.

The second conviction stems from an assault upon an eighteen-

year-old male. This event took place shortly after the first incident. The victim was walking home when defendant pulled alongside in his automobile and asked if the boy would like to "go for a good time." When the youth declined, defendant stopped his car, got out and said he wanted to speak with him. He then grabbed the boy and threw him into the car. The victim testified that defendant drove a good distance before again stopping. He then told the victim to undress and lie down, threatening to stab the boy if he didn't comply. The victim complied and anal copulation was performed. The ordeal ended when the victim jumped out of the automobile and caught the attention of a passing police officer. At this time defendant was arrested.

As his main point on appeal, defendant contends the trial court committed prejudicial error in admitting into evidence his ten-year-old conviction for forcible rape. The state introduced evidence of such conviction, providing none of the underlying facts or circumstances. In addition to the statutory limitations in K. S. A. 60-455, case law of this jurisdiction has set forth several procedural steps to be followed before the state may reveal to a jury a defendant's prior conviction. First,' a trial court must determine whether the prior conviction is relevant to prove one of the facts specified in the statute. Second, the fact to be proved must be a disputed material fact which is substantially in issue. Finally, the court must balance the probative value of the prior conviction against the prejudicial effect on the jury. (*State v. Faulkner*, 220 Kan. 153, 155, 551 P. 2d 1247.) The trial court allowed the conviction of forcible rape to be introduced and instructed the jury to limit its value, if any, to motive, identity, intent and absence of mistake.

Under similar facts this court has permitted the introduction of prior convictions of forcible rape (see, *State v. Gonzales*, 217 Kan. 159, 535 P. 2d 988; *State v. Hampton*, 215 Kan. 907, 529 P. 2d 127), although some members of the court remain steadfast in opposition (see dissent in *State v. Gonzales*, supra, at 161). That portion of the instructions in this case which relates the prior conviction to identity, motive and absence of mistake appears questionable. We do not believe an application of what we have written on K. S. A. 60-455 to the facts here would result in a clarification of the statute. In our view such a discussion is unnecessary. We conclude the admission of the prior conviction in evidence did not amount to a denial of substantial justice and the

harmless error rule should apply. This rule was discussed in *State v. Bly*, 215 Kan. 168, 523 P. 2d 397. We recognized in *Bly* that inadmissible evidence creeps into almost every trial, but K. S. A. 60-261 requires the courts of Kansas to disregard any error or defect in a proceeding which does not affect the substantial rights of the parties. This rule must be applied on a case-by-case basis.

Each of the three victims testified that defendant through force and threats required them to engage in various sexual acts with him. Without detailing the sordid events, we can safely say there existed substantial and uncontroverted evidence of guilt. Before the introduction of the forcible rape conviction, evidence of defendant's prior conviction of sodomy had been introduced without objection. The prejudicial effect of defendant's prior conviction for sodomy could not have been materially enhanced in the minds of the jurors by the addition of a prior conviction for forcible rape.

Defendant further attacks the use of the rape conviction because it was ten years old at the time it was revealed to the jury. His contention is without merit, since this court has consistently ruled that remoteness in time for a conviction affects its weight, rather than its admissibility. (*State v. Finley*, 208 Kan. 49, 490 P. 2d 630; *State v. Jamerson*, 202 Kan. 322, 449 P. 2d 542; *State v. Poulos*, 196 Kan. 287, 411 P. 2d 689, cert. den. 385 U. S. 827, 17 L. Ed. 2d 64, 87 S. Ct. 63.)

Although defendant did not object at trial, he now complains because the evidence reflected that he was charged with aggravated sodomy, but only convicted of sodomy; and revelation of the more serious charge prejudiced the jury against him. The complaint is without merit as the record clearly reflects that the information charging defendant with aggravated sodomy was introduced by defendant. It is well settled that a party cannot predicate error upon evidence which he has elicited or introduced. (*State v. Champ*, 218 Kan. 389, 392, 543 P. 2d 893, 896; *State v. Cantrell*, 201 Kan. 182, 187, 440 P. 2d 580, cert. den. 393 U. S. 944, 21 L. Ed. 2d 282, 89 S. Ct. 315.) Furthermore, the record indicates the information charging aggravated sodomy, resulting in a conviction of sodomy, was used by defense counsel as a trial tactic. We have held that conduct of a criminal case rests with the client and his lawyer, and the defendant must be accountable for those tactical decisions. (*Winter v. State*, 210 Kan. 597, 502 P. 2d 733.)

Defendant's second designation of error is that an instruction on attempted aggravated sodomy should have accompanied the

aggravated sodomy instruction for Count 1. The argument is grounded on the supposition that there was conflict as to whether the act of sodomy was completed. Under K. S. A. 21-3107 (3) the trial court has a duty to instruct on lesser included offenses only where there is evidence under which the defendant might reasonably have been convicted of the lesser offense. (*State v. Goodseal,* 220 Kan. 487, 553 P. 2d 279; *State v. Cameron & Bentley,* 216 Kan. 644, 651, 533 P. 2d 1255.) Our examination of the record reveals that the victim of defendant's attack testified there was penetration. That fact was not controverted and standing alone was sufficient to establish that the crime was completed. (*State v. Kelly,* 210 Kan. 192, 195, 499 P. 2d 1040; *State v. Hurlbert,* 118 Kan. 362, 234 Pac. 945.) The trial court was under no obligation to instruct on a lesser included offense.

Within defendant's statement of points are two other specifications of error. Since the record reveals no contemporaneous objection to the allegedly improper acts, this court cannot review the issues. (*Cook v. State,* 220 Kan. 223, 552 P. 2d 985; *Baker v. State,* 204 Kan. 607, 464 P. 2d 212.)

The judgment is affirmed.