No. 45,454

STATE OF KANSAS, *Appellee*, v. BOBBY J. FABIAN, *Appellant*.

(461 P. 2d 799)

Opinion filed December 6, 1969.

*Theodore C. Geisert*, of Kingman, argued the cause, and *Lewis E. Pierce*, of Kansas City, Missouri, was with him on the brief for the appellant.

*David D. Gaumer*, County Attorney, argued the cause, and *Kent Frizzell*, Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a conviction of grand larceny.

The appellant contends that the court erred in admitting evidence concerning alleged offenses other than the one charged in the information.

We will present the evidence pertaining to this issue without attempting to set out all of the evidence inferring guilt.

An accomplice of the appellant testified for the state. According to his testimony the appellant, the appellant's wife and the accomplice entered into a scheme for perpetrating a series of larcenies across the state of Kansas. The mode of operation required a team of two or three working closely together. The mode of operation was known in the trade as "creeping."

"Creeping" consists of the team members going into a store with some members of the team "pulling the store owner back and then one of the guys [the creeper] you are working with goes in where the money is at and gets the money." The appellant acted as the "creeper" and appellant's wife and Orand were the members of the team charged with distracting the clerks, or "pulling the store owners back" so the appellant could rob the till or cash box.

Such a plan was used to rob the Kingman Gambles Store, Kingman, Kansas, of $200. This is the crime for which the appellant was convicted.

The accomplice who testified for the state admitted the team entered nearly every store in Kingman "that looked like there might be anything there." Pursuant to their preconceived plan, the appellant played the part of the "creeper" while the accomplice and appellant's wife distracted the clerks. As the "creeper", the appellant stole money from the Gambles store; stole rings from a jewelry store across the street from the Gambles Store; stole guns from a sporting goods store in Pratt, and stole money from a supermarket in Greensburg. All the thefts were on the same day and each theft was carried out in the same manner.

It is the evidence of the above mentioned thefts that the appellant complains.

There is no merit in the contention. The case presents a perfect example of the admissibility of evidence of other crimes to prove motive, intent, preparation, plan, etc., as provided by K. S. A. 60-455.

The appellant also objects to the trial court's instruction concerning evidence of other alleged offenses.

We will not use space to present the instruction here. It will suffice to say that the instruction is substantially the same as the instruction which we approved in *State v. Wright,* 194 Kan. 271, 276, 398 P. 2d 339.

Last, the appellant contends that the trial court erred in refusing to declare a mistrial when the witness Orand, the accomplice, testified that he had heard the appellant had threatened to kill him.

During the direct examination of state's witness Orand he was asked:

"Q. Now, did you go any place from Denver outside of the State of Kansas?"

Orand answered:

"A. Yeah, we left Denver and Bobby and I split up in Oklahoma and I went to Indiana and then I heard Bobby (referring to Appellant) was going to kill me—"

The appellant asked for a mistrial. The trial court admonished the jury to disregard the voluntary statement and denied the motion for a mistrial.

The witness later testified without objection:

"Q. . . . Now, prior to the 14th did you meet Bobby Joe in Wichita or Tulsa?

"A. I was going to tell you anyway. That is the reason I come to Bobby. I didn't want to wait for him to find me. It's better to look somebody in the eye than it is looking behind your back. So I come to find Bobby and I came

to Oklahoma, Tulsa, and I just missed him. He was on an airplane. So I called—I don't remember what airplane it was, but I called and they got both of them when they landed. He came back and met me in a beer joint by the bus station and he said the only reason he said that was because he wanted us to get together.

"Q. Now, did he make any requests of you when he said he wanted to get together?

"A. Just start working; make some money.

"Q. By 'work,' what do you refer to, Mr. Orand?

"A. Well, till tapping and creeping."

We must conclude that in view of the admonition of the trial court, and the further testimony, there was no prejudicial error and the rights of the appellant were in no way prejudiced.

A careful examination of the record discloses no trial errors that would justify the granting of a new trial.

The judgment is affirmed.

APPROVED BY THE COURT.