No. 48,120

STATE OF KANSAS, *Appellee,* v. DARRELL D. HOWARD, *Appellant.*

(551 P. 2d 835)

Opinion filed June 12, 1976.

*John C. Roberts,* of Wichita, argued the cause and was on the brief for the appellant.

*Christopher A. Randall,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, *Keith Sanborn,* district attorney, and *Stephen E. Robison,* assistant district attorney, were on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: Defendant Darrell D. Howard appeals from a criminal conviction of burglary in violation of K. S. A. 21-3715. He argues the evidence is insufficient to support the conviction and his prior conviction should not have been admitted in evidence.

On the afternoon of July 19, 1974, Venita Terry was returning home from work when she noticed a black male exiting from the front door of the apartment next door carrying a television set. When he saw her looking at him he re-entered the apartment. Mrs. Terry then went into her own apartment whereupon she discovered her stereo was missing. She immediately called the police and reported a burglary in progress at her neighbor's apartment.

The first officer to arrive at the scene was John Espinoza. When he approached the front door he noticed the door was open and there were pry marks around the lock. At about the same time another officer arrived and went to the rear door of the apartment. The back door was also open and both officers entered the apartment. There was no one in the apartment.

Officer Espinoza then spoke with Mrs. Terry who advised him the occupant of the apartment, James P. Wallen, would not be home until later in the day. Mrs. Terry told the officer she had seen the black man with the television set, and although she recognized him by sight she did not know his name. She later testified she told

the officer the man was the defendant, Darrell Howard. Later that same day the police drove Mrs. Terry to defendant's house, leaving her in the car while they had him step out on his porch.

When James Wallen arrived home that evening he noted there were marks around the lock on his front door, the kitchen was a mess, and the television set had been moved to the floor.

Defendant was arrested several days later for the burglary of Wallen's apartment. Wallen testified at trial that he did not know defendant personally but had seen him around the neighborhood. He also stated that several months prior to the burglary defendant and several other persons had come to his apartment and had asked questions about who lived in the apartments.

Another neighbor, Debra Biglow, testified she saw defendant running across her front yard the afternoon of the burglary.

At the preliminary hearing Mrs. Terry stated that she could not see defendant's face when she was taken to his house, but she did recognize his clothes. Later, at trial, she testified she did indeed recognize his face when she saw him on the porch. She further testified she had dated defendant during high school and she was positive he was the man she saw coming out of the apartment with the television set.

As his initial point, defendant challenges the sufficiency of the evidence to support a conviction of burglary. He acknowledges that on appeal the question is not whether the evidence establishes guilt beyond a reasonable doubt, but whether the evidence is sufficient to form the basis for a reasonable inference of guilt when viewed in the light most favorable to the state. (*State v. Gobin,* 216 Kan. 278, 531 P. 2d 16; *State v. Ritson,* 215 Kan. 742, 529 P. 2d 90; *State v. Platz,* 214 Kan. 74, 519 P. 2d 1097.)

As instructed by the trial court, the charge of burglary necessitated a finding of sufficient evidence to establish each of the following elements:

"(1) That on or about the 19th day of July, 1974, in this County and State, the defendant;

(2) Unlawfully, wilfully, knowingly and without authority entered into a building;

(3) Located at 1452 North Hillside, Wichita, Sedgwick County, Kansas;

(4) With the intent to commit a theft therein."

It was uncontroverted that an unlawful and unauthorized entry was made into the Wallen apartment on the day in question. The only issues remaining were the identity of the culprit and his

intent. As to the issue of identity, there was the eyewitness testimony of Mrs. Terry placing defendant at the door of the apartment with the television set in hand. Her testimony, while admittedly contradictory in part, was bolstered by the statement of the neighbor, Miss Biglow, who saw defendant running across her yard that afternoon. In addition, evidence of defendant's prior conviction for a similar burglary was admitted.

Under varying circumstances we have held that a single eyewitness identification may be sufficient to support a criminal conviction. (*State v. Wade,* 203 Kan. 811, 457 P. 2d 158; *State v. Osburn,* 171 Kan. 330, 232 P. 2d 451.) Despite the discrepancies in Mrs. Terry's trial testimony with her statements at the preliminary examination, we believe there was ample evidence to provide a reasonable inference that it was the defendant who entered the apartment and was seen carrying the television set.

Concerning the issue of intent, we conclude there was sufficient evidence from which the jury could find defendant intended to steal the television set. Mrs. Terry testified she saw defendant carrying the television set out of the apartment and that he reentered the apartment when he saw her. Wallen stated his television set had been moved and his apartment was a mess. When coupled with evidence of defendant's prior burglary conviction, the jury could reasonably conclude that defendant intended to commit a theft when he entered the apartment.

It is not the function of this court on appellate review of a criminal conviction to weigh the evidence or pass on the credibility of the witnesses. These are matters properly left to the jury. On the basis of the evidence disclosed in the record in the instant case we conclude there was sufficient evidence from which the jury could draw an inference of guilt.

Defendant's only other claim of error is that the trial court erred in admitting evidence of his prior conviction. During the course of trial, the state announced that it intended to introduce evidence of defendant's prior conviction for burglary and theft. A hearing was held outside the presence of the jury to determine the admissibility of such evidence. At that time, Wichita police detective Harley Puckett testified as to the facts of the prior conviction. He stated he was the complaining witness in that case in which charges arose out of the burglary of a residence located in the vicinity of the Wallen apartment. Entry into the residence was made by forcing open the rear door and one of the items

stolen was a television set. The burglary took place nearly two years prior to the present offense.

Defendant objected to the admission of this evidence on the ground the prejudicial effect outweighed its probative value. The state indicated the evidence was offered to prove identity and intent within the meaning of K. S. A. 60-455. The trial court overruled defendant's objection and permitted the state's witness to testify before the jury as to the facts surrounding the prior crime. At the conclusion of the evidence the court instructed the jury as to the limited purposes for which the evidence of the prior conviction could be considered.

We agree with the position of defendant in his brief that the question of intent was not substantially in issue. The basic issue was one of identity; that is, was defendant the person seen leaving Wallen's apartment with the television set.

As to the element of identity, defendant contends the prosecution did not produce a sufficient factual background of the prior conviction to raise a reasonable inference that defendant committed both offenses. In *State v. Bly*, 215 Kan. 168, 523 P. 2d 397, we emphasized that when a similar offense is offered for the purpose of proving identity, the evidence should disclose sufficient facts and circumstances of the other offense to raise a reasonable inference that the defendant committed both offenses. In the instant case we have no hesitation in holding that the state has satisfied this burden. The record of the hearing held outside the presence of the jury discloses testimony regarding factual similarity of the offense in five respects. First, both convictions were for burglary. Second, in both cases a television set was involved. Third, both burglaries were within five blocks of defendant's house. Fourth, entry into the residences was gained by forcing open a door. Finally, in both cases no one was home during the burglaries. These facts demonstrate a similarity of pattern in the two crimes which was relevant to the proof of identity.

In light of the nature of the prior offense and the relevancy to proof of the issue of identity, we conclude the probative value of the challenged evidence outweighed its prejudicial effect. We see no prejudicial error in instructing the jury that the prior conviction was admitted for the purpose of proving intent when intent was not a substantial issue and the prior conviction was otherwise admissible.

The judgment of the trial court is affirmed.