No. 47,595

STATE OF KANSAS, *Appellee*, v. LLOYD P. WASINGER, *Appellant*.

(556 P. 2d 189)

Opinion filed November 6, 1976.

*Willard L. Thompson, Jr.,* of Wichita, argued the cause and was on the brief for the appellant.

*Stephen E. Robison,* Assistant District Attorney, argued the cause, and *Curt T. Schneider,* Attorney General, and *Keith Sanborn,* District Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: Following a trial to a jury defendant-appellant, Lloyd P. Wasinger, was convicted of attempted burglary (K. S. A. 21-3301 and 21-3715) of the Main Street Grocery in Wichita.

The evidence adduced by the state showed defendant was acting as a lookout man for one Kenneth W. Wertz while Wertz was trying to pry open the front door of the grocery store. Evidence of prior convictions of the defendant for burglary and attempted burglary in 1968 was introduced at trial pursuant to the provisions of K. S. A. 60-455. The admission of these prior crimes into evidence is challenged in defendant's first and principal point on appeal despite the fact that the evidence underlying the 1968 convictions showed a modus operandi nearly identical to the case at bar.

In the case at bar the state's evidence showed that the grocery store in question was closed for business about 6:00 p. m. on January 29, 1974, by the owners, Burt and Ruth England. Mrs. England

stayed for an hour to an hour and a half after closing and testified the store was locked when she left.

Later in the evening, at approximately 9 or 9:30, Officers Fred Debes and James Clothier, of the Wichita Police Department, were driving past the grocery store in a marked police car enroute to the detention center with a prisoner. Debes testified as they approached the Main Street Grocery he noticed two men standing in front of the store. One of them had the screen door open and was standing between the screen and the door. The other individual, later identified as defendant, was standing ten to twelve feet south of the front door with his back to the building. He was positioned so he could see approaching traffic. As the patrol car approached, the man with his back to the building began walking south at a "brisk pace." Debes testified that as the man walked south he made some kind of motion or gesture, "just waving his left hand" and, that within a few seconds after this gesture was made, the man standing in the doorway closed the screen door and began walking south on Main Street.

Debes parked the patrol car and followed defendant on foot into a cove area of a nearby apartment complex. He testified he stooped down with his flashlight and saw defendant's legs behind a tree. He ordered the man to come out with his hands up and defendant complied. Upon being asked what he was doing there, defendant first "said nothing, then he said he was going to see his girlfriend." Debes described the rest of the conversation he had with the defendant as follows:

". . . I asked him why he had run from me and he stated he did not run from me. I asked then why are you breathing hard and he said, well, and murmured and said, I was walking."

Officer Debes stated he did not arrest defendant when he first approached him because "I wasn't sure what had happened yet." Meanwhile, Officer Clothier followed and apprehended the other man who had been at the door of the grocery. He was identified as Kenneth W. Wertz. During a weapons frisk a screwdriver with a five inch blade and yellow handle was taken from the person of Wertz. After Officer Debes returned to the front of the store with defendant, Clothier examined the front door of the Main Street Grocery. He found that the lock and latch had been pried loose from the door. Following this discovery he and Debes placed the suspects under arrest and read the *Miranda* warning to them.

An incidental search of the men was conducted and a pair of gloves was removed from Wertz' pocket. A subsequent search of

the neighborhood revealed that a 1966 green Oldsmobile, registered to Wertz, was parked near the scene of the crime.

After the *Miranda* warning had been read Debes asked each suspect whether they knew one another. Each said he did not. Defendant denied having been around the building.

At trial, the state called George Love, a police department expert skilled in the examination of tool marks. He testified that the screwdriver recovered from Wertz was the same size and shape as the tool which made the marks on the grocery door, and that the screwdriver could have made the marks. He was unable to make a positive statement in this regard because he was unable to find any good striations for comparison purposes.

After presentation of the state's evidence the defendant elected not to present any evidence and rested his case.

The first and principal point raised by defendant concerns the admission into evidence of testimony describing defendant's participation in a prior burglary and the limiting instruction under K. S. A. 60-455 given in connection therewith.

During the presentation of the state's case, Sergeant George Lux of the Wichita Police Department, was called as a witness. Sergeant Lux testified that he was the complaining witness in a 1968 burglary case involving the defendant and one Ray Brock. Before Sergeant Lux was asked as to the disposition of the case, defendant lodged an objection to Lux' testimony on the grounds that it was irrelevant, immaterial, and prejudicial to defendant. Counsel was asked to approach the bench and a discussion took place out of the hearing of the jury and the court reporter. After trial, the prosecutor and defendant entered into a stipulation as to what took place in the discussion. The trial court approved the stipulation and it is reproduced in the record on appeal.

The stipulation reveals that in the conference at the bench the prosecution informed the court that Sergeant Lux would describe defendant's participation in a prior burglary; that the facts would be substantially the same as those in the case on trial; and that the facts would be sufficient to show method of operation and identity under K. S. A. 60-455. It was further stipulated that the testimony of Lux was given in substantially the same form at the defendant's preliminary hearing.

Defendant's objection was overruled and Lux was permitted to testify before the jury. In brief, Lux described a middle of the night burglary of an automobile supply store in Wichita. Lux and other

detectives had defendant and Brock under surveillance for a time during the late evening of March 15 and early morning of March 16, 1968. The officers followed defendant and Brock and saw them approach the store. The officers took up a position about a block and a half away where they saw Brock at the doorway and defendant leaning on an automobile parked at the curb. When traffic approached, Brock would come to the parked automobile. When the streets became clear of traffic, Brock would return to the doorway. After this procedure had taken place three or four times, Brock and defendant left and went down an alley to the rear of the store. The officers followed in a few minutes and Brock and defendant were apprehended as they were exiting from a rear window of the store. A tire tool and several screwdrivers were found in defendant's possession. The officers examined the front door of the store, found that it had been pried and showed a number of well-defined small pry marks. Defendant was charged and convicted of attempted burglary and burglary. The trial court took judicial notice of the court file and after certain deletions were made the journal entry was admitted into evidence.

The rule of 60-455 is one of exclusion. We have said many times it is to be strictly enforced and that evidence of other offenses or civil wrongs is not to be admitted without a good and sound reason. (*State v. Bly,* 215 Kan. 168, 523 P. 2d 397.) Pursuant to this philosophy several tests must be satisfied before evidence of other crimes may be admitted. First, the trial court must determine relevancy on a basis of factual similarity; second, it must find that one or more of the elements enumerated in 60-455 are at issue; and, third, the court must balance probative value against prejudicial effect. (*State v. Moore,* 218 Kan. 450, 543 P. 2d 923.) It is the better practice to conduct a hearing in the absence of the jury to determine the probative value as to one or more of the eight statutory elements to which such evidence has been shown to be relevant. (*State v. Moore,* supra; and *State v. Gunzelman,* 210 Kan. 481, 502 P. 2d 705, 58 A. L. R. 3d 522.)

Applying the principles mentioned to the instant case, we find no abuse of discretion on the part of the trial court. There are significant similarities between the two instances of criminal conduct. In both cases, in what appears to have been a preconceived plan, the defendant served as a lookout while his partner attempted to pry open the front door of a business building with a screwdriver. Evidence of the prior crime established a definite method of opera-

tion and, thus, showed preparation, plan, motive, and intent. (*State v. Fabian*, 204 Kan. 237, 461 P. 2d 799; and *State v. Crowe*, 196 Kan. 622, 414 P. 2d 50.)

The crucial issue, in the instant case, is the intent of defendant in his actions in front of the grocery store and in the apartment cove area where he was arrested. If defendant was there "only to see his girl friend" as he claimed, he committed no crime at all. The state, of course, contended otherwise. When an act may be susceptible to two interpretations, one innocent and the other criminal, the intent with which the act is done becomes the critical factor in determining its character. (*State v. Nading*, 214 Kan. 249, 519 P. 2d 714.) We think the probative value of the prior conduct evidence in the instant case outweighed any possible prejudicial effect so as to render it admissible within the trial court's discretion.

Concerning defendant's complaint of the trial court's failure to hold a full out-of-court hearing on the admissibility of the prior offense, we find no prejudicial error in this regard. While, as we have previously observed, the better practice is to conduct a full evidentiary hearing out of the jury's presence, in this case the court, at the abbreviated hearing at the bench, was assured by the prosecutor that the evidence of the facts of the prior offense would show it to be substantially similar, which proved to be the case. The defendant was not surprised since the testimony of Sergeant Lux had been presented in full at defendant's preliminary hearing. Under the particular circumstances, we find no prejudice to defendant in the manner in which the matter was handled by the trial court.

Defendant also attacks the limiting instruction given by the court under 60-455. However, the record discloses the defendant failed to make a specific objection to the scope of the instruction and, thus, failed to preserve the question for appellate review. In the recent case of *State v. Moore*, supra, we pointed out the need for a specific objection in this regard. Nevertheless, we have examined the instruction. It limited the jury's consideration of the evidence to proof of defendant's motive, intent, preparation, plan, knowledge, and absence of mistake or accident. Since all of these six elements had some bearing on defendant's intent, the critical issue, we do not find prejudicial error. (*State v. Carter*, 220 Kan. 16, 551 P. 2d 821; *State v. Moore*, supra; and *State v. Ponds and Garrett*, 218 Kan. 416, 543 P. 2d 967.)

Defendant next complains of the prosecutor's reference in his opening statement to defendant's criminal conduct on "prior occasions." In *State v. Miller*, 204 Kan. 46, 460 P. 2d 564, we said:

". . . [W]hen evidence of a similar offense committed by the accused is admissible under K. S. A. 60-455, the county attorney may properly make reference to such evidence in his opening statement (*State v. Stephenson*, 191 Kan. 424, 381 P. 2d 335; *State v. Robinson*, 125 Kan. 365, 263 Pac. 1081. . . ." (P. 48.)

On appeal defendant also complains the prosecutor used the plural in referring to "prior occasions", but only produced evidence of one crime. We do not raise this apparently inadvertent reference to multiple occasions by the prosecutor to the level of substantial prejudice. Moreover, we find no objection on this ground to the prosecutor's opening statement.

Defendant also claims the prosecutor wrongfully elicited testimony relating to Wertz' criminal record and that the prosecutor's action in this regard constituted misconduct warranting reversal. Defendant's complaint is directed at portions of the testimony of Officer Clothier concerning the circumstances surrounding the arrest of defendant and Wertz. Defendant's contentions are without merit for two reasons. First, the record disclosed no objection to the questions or answers to which his point is directed, and, second, defendant initiated the inquiry into Wertz' criminal record which freed the prosecution to enter the subject. (*State v. Stokes*, 215 Kan. 5, 523 P. 2d 364; and *State v. Schroeder*, 201 Kan. 811, 443 P. 2d 284.)

In his next point defendant claims error in the admission into evidence of paint samples, screwdrivers, photographs, and testimony in connection therewith. Here again, we find defendant interposed no objections at trial to the admission of the evidence which he challenges on appeal. Our contemporaneous objection rule bars consideration. Even if the point had been properly preserved defendant's contention cannot prevail. In *State v. Donahue*, 218 Kan. 351, 543 P. 2d 962, we held:

"Admissibility of physical evidence is within the sound discretion of the trial court and is to be determined by the court on the basis of its relevance, connection with the accused and the crime charged." (Syl. 3.)

In the *Donahue* case articles of clothing were worn by a partner in crime of the accused and were held to have been properly admitted even though the two defendants were tried separately. In the instant case the screwdriver and gloves taken from Wertz were, likewise, properly admitted into evidence at defendant's trial.

Even though the police expert, in the instant case, was unable to positively conclude that the screwdriver taken from Wertz made the pry marks on the grocery door, the testimony pertaining thereto was admissible. Failure to form a positive or absolute conclusion affects only the weight to be accorded the expert's testimony rather than its admissibility. In *State v. Ponds and Garrett*, supra, we held:

"Where a weapon found in the possession of a defendant is identified as being similar to one used in the crime, the lack of positive identification goes to its weight as evidence and not to its admissibility." (Syl. 6.)

Defendant next contends the trial judge stepped out of his impartial role in aiding the prosecutor select and mark exhibits pertaining to the 1968 prior conviction. There is no merit to this contention. The record discloses that when the journal entry of the prior conviction was presented to the court it made reference to other crimes not properly admissible under 60-455. The trial court displayed no partiality when it expedited the receipt of this evidence by informing the prosecutor which portions of the journal entry would be excluded from the jury's view of the document. Actually, it was the court's duty to see that the proper deletions were made.

Defendant next claims error in permitting Officer Debes to testify concerning questions put to defendant and answers as to why defendant ran and was breathing hard when a *Miranda* warning had not yet been given. Here again, we find no objection in the record pertaining to Debes' testimony on this point. Even if the point had been preserved the statements by defendant were not rendered inadmissible because the *Miranda* warning had not yet been given. Debes testified when he first approached defendant in the apartment cove area he did not arrest him because he "wasn't sure what had happened yet" and was not sure that defendant had done anything wrong. At this point the interrogation was not custodial. General on-the-scene questioning as to facts surrounding a crime is not affected by the holding in *Miranda v. Arizona*, 384 U. S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A. L. R. 3d 974. We have recognized the distinction between the investigatory stage of a case and the custodial interrogation which ensues thereafter on a number of occasions. (*State v. Frizzell*, 207 Kan. 393, 485 P. 2d 160; and *State v. Hinkle*, 206 Kan. 472, 479 P. 2d 841.)

Finally, defendant claims his right to an impartial, fair jury was prejudiced by the failure of juror Jack Johnson to inform the court on *voir dire* that he had worked at a part time job with, and was acquainted with, defendant's nephew, Terrance Wasinger. This matter was not presented to the trial court, but an affidavit of Terrance Wasinger was mailed to the clerk of this court after the record on appeal had been completed. Presentation of the affidavit in this manner is in complete derogation of Supreme Court Rule 6 (*m*) (214 Kan. xxv). The affidavit fails to qualify as a proper portion of the record on appeal and any issue raised in connection therewith is not subject to review.

We have carefully examined all of the points raised by defendant and find no prejudicial error shown.

The judgment is affirmed.