No. 48,535

STATE OF KANSAS, *Appellee,* v. CHARLES EUGENE MARQUEZ, *Appellant.*

(565 P.2d 245)

Opinion filed June 11, 1977.

*Jeffrey O. Heeb,* of Lawrence, argued the cause, and was on the brief for the appellant.

*Michael J. Malone,* county attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Nancy P. Johnson,* research assistant, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal from a jury verdict which found Charles Eugene Marquez (defendant-appellant) guilty of burglary (K.S.A. 21-3715) and felony theft (K.S.A. 21-3701).

The points on appeal challenge testimonial evidence and authenticated copies of two journal entries showing prior convictions of the appellant admitted pursuant to K.S.A. 60-455.

At approximately 12:41 a.m. on October 17, 1975, the window to the Guenther Jewelry Store at 824 Massachusetts Street in Lawrence, Kansas, was broken and several display boxes containing jewelry valued at $120 were taken. Police Officer Donald Love discovered an iron pipe with an orange object on the pipe lying on the sidewalk beneath the broken window. Further investigation by Police Officer Kenneth Coultis revealed two jewelry boxes at the intersection of an alley and a nearby arcade. A search of the alley revealed other jewelry and jewelry boxes on top of a loading dock at a point where they found the appellant underneath the loading dock. The appellant had no jewelry in his possession, but a pair of gloves with glass embedded in them was

found underneath the loading dock. Police Officers Fred D'Ercole and Gary Sampson testified the appellant took the gloves off while under the loading dock or while backing from underneath it. No hat or cap was found. The two officers testified Mr. Marquez did not appear to be intoxicated, although one officer detected what he believed to be an odor of alcohol.

When apprehended the appellant said he was hiding in the alley from several people because he had been involved in a disturbance earlier in the evening at the Depot Tavern.

Jeffrey Dover testified that while he drove down Massachusetts Street he observed a man carrying a pipe with an orange end on it for at least one minute. Mr. Dover said the man was wearing a stocking cap, a jacket and a pair of brown jersey gloves. He described the man as short and husky built, with a big, crooked nose. Mr. Dover returned to Massachusetts Street and reported what he had seen earlier to an officer. Mr. Dover remembered the nose and posture of the man he had observed carrying the pipe. Detective Schmille testified Dover had been arrested a month or six weeks earlier in a theft case.

Paul Medlock, a passenger in the Dover automobile, also identified the appellant as the man carrying the pipe with the "red thing on the end of it." Mr. Medlock, who had previously been convicted of the crime of attempted theft twice and forgery once, testified he observed the individual from two and one-half minutes to four minutes and remembered the defendant's nose and the way he combed his hair that night. On November 4, 1975, both Mr. Dover and Mr. Medlock identified the appellant at a lineup conducted at the Shawnee County Sheriff's Office in Topeka, Kansas.

Detective Wayne Schmille testified he was investigating at the scene when officers said they found someone named Marquez hiding in the alley. Detective Schmille pulled out a picture of the appellant and said, "Hey, is it this guy?" Detective Schmille testified that he had half-a-dozen pictures that he was carrying in relation to other cases.

At trial the appellant testified he drank four to six beers at the Depot Tavern at 10th and Massachusetts, left and drank a half-pint of rum and then returned to the Depot Tavern for another beer where he spoke to two acquaintances. The appellant testified as he was drinking a black man and an Indian offered to sell him

some marihuana. The appellant told them he had no use for marihuana and would not like to purchase any. The black man took offense and started coming toward the appellant. The appellant then went outside and started running. He glanced back and didn't notice anybody following him. Nevertheless, he turned into the alley, spotted the loading dock and got underneath it. He said because he was intoxicated he passed out. The next thing the appellant remembered was a police officer waking him with a light.

The appellant testified he had used marihuana when he was younger and he had been "picked up" for possession of marihuana two weeks prior to October 17, 1975. He further said he lived approximately 100 yards from the loading dock where he was found.

The county attorney for Seward County, Tom Smith, testified concerning evidence which showed the appellant had pled guilty to charges in 1972 of night-time burglary and theft at a meat market, and to charges in 1973 of night-time burglary of a tavern, both committed in the downtown business area of Liberal, Kansas. In both cases a tire iron or some tool was used to break into the business premises, neither of which had a burglar alarm. The trial court found the preparation for the incidents was very similar; that having a weapon (tool) of some sort and forcing the door open or the roof open might be similar. The court did not think the evidence went to identity. The court thought the evidence went to intent, preparation, plan and probably absence of mistake, and if it were offered for those purposes the court would admit the evidence. The evidence was offered accordingly and admitted. The trial court instructed the jury that evidence of the prior crimes could be considered solely for the purpose of proving the defendant's intent, preparation and plan.

On January 7, 1976, the jury found the defendant guilty on both counts. A motion for a new trial was denied, and appeal has been duly perfected.

The appellant contends the testimony and authenticated copies of journal entries showing the prior crimes were inadmissible under K.S.A. 60-455. The appellant argues the evidence does not establish intent, preparation or plan.

Kansas policy on admitting evidence of prior crimes and civil wrongs is codified in K.S.A. 60-455 which reads:

"Subject to K.S.A. 60-447 evidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his or her disposition to commit crime or civil wrong as the basis for an inference that the person committed another crime or civil wrong on another specified occasion but, subject to K.S.A. 60-445 and 60-448 such evidence is admissible when relevant to prove some other material fact including motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."

This rule limiting the admission of evidence of other crimes is to be strictly enforced. (*State v. Donnelson*, 219 Kan. 772, 549 P.2d 964; *State v. Bly*, 215 Kan. 168, 523 P.2d 397; and *State v. Anderson*, 202 Kan. 52, 57, 446 P.2d 844.)

Admission of evidence of other crimes under 60-455, *supra*, has been one of the most troublesome areas in the trial of a criminal case (*State v. Cross*, 216 Kan. 511, 517, 532 P.2d 1357) and has prompted much comment. (Comment, 12 Washburn L.J. 111 [1972]; M. Slough, *Other Vices, Other Crimes: An Evidentiary Dilemma*, 20 Kan. L. Rev. 411 [1972]; and Comment, 14 Washburn L. J. 367 [1975].)

To justify a departure from the general rule of inadmissibility of other crimes evidence under 60-455, *supra*, the trial court should conduct a hearing in the absence of the jury to determine the probative value as to one or more of the eight elements set forth in the statute to which such evidence must be relevant. If a particular element, enumerated in the statute, is not an issue in the case, evidence of other crime to prove that particular element is irrelevant. (*State v. Cross*, supra, Syl. 6.)

Relevancy, although the primary test, is not the only test. The trial judge is under a duty to weigh the probative value of such evidence for the limited purpose for which it is offered against the risk of undue prejudice, in keeping with the philosophy expressed in this section of the statute and the fundamental rule of discretion. (*State v. Cross*, supra, Syl. 4.)

Here the trial court properly conducted a hearing outside the hearing of the jury to determine the admissibility of the prior convictions and properly considered the facts surrounding the prior convictions. The trial court concluded the evidence of other crimes was admissible to show intent, preparation and plan and so instructed the jury. The appellant challenges this finding. The state in its brief concedes that evidence of the accused's prior convictions of burglary should not have been admitted in evidence to prove the elements of intent, preparation and plan because there was no substantial issue as to any of these elements.

We agree that these elements were not issues in the trial of the case.

The first exception under 60-455 mentioned by the trial court was intent. However, the felonious intent of the burglar is obvious from the breaking of the jewelry store window, from the theft of the jewelry and the flight of the burglar. Hence, evidence of other burglaries to prove intent should not have been admitted because this element was not really in dispute. (*State v. Bly,* supra at 176; *State v. Watkins,* 219 Kan. 81, 93, 547 P.2d 810; and *State v. Howard,* 220 Kan. 117, 120, 551 P.2d 835.) Cases where prior convictions have been properly admitted to prove intent include *State v. Lohrbach,* 217 Kan. 588, 538 P.2d 678; *State v. Nading,* 214 Kan. 249, 519 P.2d 714; *State v. Myers,* 215 Kan. 600, 527 P.2d 1053; and *State v. Kress,* 210 Kan. 522, 502 P.2d 827.

The second exception under 60-455, *supra,* mentioned by the trial court was preparation. Preparation for an offense consists in devising or arranging means or measures necessary for its commission. (Black's Law Dictionary 1344 [4th ed. 1951].) Cases which have adopted this definition include *State v. Judge,* 81 S.D. 128, 131 N.W. 2d 573 (1964); *State v. Gerald Davis,* 108 N.H. 158, 229 A.2d 842 (1967); *People v. Franquelin,* 109 Cal. App. 2d 777, 241 P.2d 651 (1952); and *State v. Quick,* 199 S.C. 256, 19 S.E. 2d 101 (1942). Accordingly, a series of acts that very logically convinces the reasonable mind that the actor intended that prior activities culminate in the happening of the crime in issue may have strong probative value in showing preparation. (See M. Slough, *Other Vices, Other Crimes: An Evidentiary Dilemma,* supra at 422.)

The burglaries in Liberal, Kansas, cannot be said to be in preparation for the burglary and theft in Lawrence.

The third exception under 60-455 mentioned by the trial court was plan. It is easy to confuse the requirements underlying the plan and identity exceptions of 60-455. Plan refers to an antecedent mental condition that points to the doing of the offense or offenses planned. The purpose in showing a common scheme or plan is to establish, circumstantially, the commission of the act charged and the intent with which it was committed. Strictly speaking, the exception is limited to evidence which shows some causal connection between the two offenses, so that proof of the

prior offense could be said to evidence a preexisting design, plan or scheme directed toward the doing of the offense charged.

Something more than doing similar acts is required to have probative value in showing plan, because the object is not merely to negative an innocent intent or show identical offenses, but to prove the existence of a definite project directed toward the doing of the offense charged. It is not necessary to prove that all transactions in question were precisely identical, since a well-knit scheme or plan might involve the commission of several distinct and dissimilar offenses and still have probative value to show the existence of a common scheme or plan. However, some offenses which are part of a common scheme or plan may exhibit identical or strikingly similar features. In admitting evidence of prior crimes or civil wrongs to show plan, the conclusion that the accused did the act in question is inferred basically from a structured design, not from the common features. (See M. Slough, *Other Crimes, Other Vices: An Evidentiary Dilemma,* supra at 419-420; and 22A C.J.S., Criminal Law, Sec. 688, p. 782.)

An example of the plan exception to 60-455 is found in *State v. Fabian,* 204 Kan. 237, 461 P.2d 799, where the appellant and two accomplices used a preconceived "creeping" plan to steal from four stores. Similarly in *State v. Wasinger,* 220 Kan. 599, 556 P.2d 189, in what appeared to be a preconceived plan, the defendant served as a lookout while his partner attempted to pry open a front door of a business building with a screwdriver as the defendant had done in the past.

Although the trial court did not instruct on absence of mistake, it initially relied on this exception to admit the evidence of prior crimes. Here there is no evidence the appellant committed the crime while operating under a mistake.

For the reasons stated the state's admission of error is sound. Counsel for the state argues, however, the error admitting prior conviction evidence on the basis of intent, preparation and plan was merely technical error, since the prior convictions might have been admitted to prove identity.

In our opinion the trial court's error is more than technical. Under the state's theory it would be possible to give a "shotgun" 60-455 instruction, or pick any one of the statutory exceptions and argue on appeal that evidence of prior crimes and civil wrongs was admissible under another statutory exception. This we can-

not accept. (*State v. Donnelson,* supra; *State v. Bly,* supra at 176; *State v. Seely,* 212 Kan. 195, 205, 510 P.2d 115; and *State v. Masqua,* 210 Kan. 419, 423, 502 P.2d 728, cert. denied 411 U.S. 951, 36 L.Ed. 2d 413, 93 S. Ct. 1939.)

Subject to the discretion of the trial court, evidence of the prior convictions could have been received to prove identity. Identifying the appellant here with the burglary and theft committed was the only material issue at the trial. In *State v. Howard,* supra, evidence of the defendant's prior convictions for burglary and theft was admitted to prove similarity of pattern as relevant to establish identity. There a factual similarity of the offenses was shown in five respects. First, both convictions were for burglary. Second, in both cases a television set was involved. Third, both burglaries were within five blocks of defendant's house. Fourth, entry into the residences was gained by forcing open a door. Finally, in both cases no one was home during the burglaries. (See also *State v. Carter,* 220 Kan. 16, 551 P.2d 821; and *State v. Wasinger,* supra.)

Here the similarity in the two burglaries in the city of Liberal and the jewelry store burglary can be established in four respects. First, all three burglaries took place during the late-evening, early-morning hours. Second, all three burglaries were directed toward a business establishment as opposed to a residence. Third, in all three burglaries entry was forced by the use of a long metal tool. Finally, in all cases the burglary was directed at a business establishment after all personnel had vacated the building.

It must be admitted, as the appellant argues, the jewelry store burglary was not a leisurely burglary as were the Liberal burglaries. However, the burglar alarm which quickly drew witnesses and police to the scene of the Lawrence jewelry store burglary committed on the main street tends to explain that difference. The appellant also argues that burglaries at night directed toward business establishments using tools to force entry are common and cannot be used to identify the appellant as the guilty person. While these common features standing in isolation have limited probative value, they are but a few of the common features to be considered with all others in determining whether the prior offense or offenses are similar to the offense charged.

Since the trial court erred in admitting the evidence and instructing as it did, we must examine the record to see if this was

harmless or prejudicial error. Error in the admission of evidence of prior crimes or civil wrongs is not reversible error unless it affects the substantial rights of the defendant. (*State v. Bly,* supra at 178; *State v. Fennell,* 218 Kan. 170, 542 P.2d 686; and *State v. Yates,* 220 Kan. 635, 556 P.2d 176.)

Here the circumstantial evidence alone, other than the evidence of prior crimes, pointed the finger of guilt directly to the appellant. Police officers found a trail of stolen jewelry leading to the loading dock where the appellant was hiding, but not beyond. Two officers observed the appellant wearing gloves with glass embedded in them which the appellant removed while under the loading dock or while backing out.

The "alibi" offered by the appellant does not exonerate him in any respect. The appellant, who had used marihuana when he was younger and had been picked up for possession of marihuana two weeks earlier, claimed he almost got into a fight when someone offered him marihuana. He ran from them, but didn't notice anyone following him. Nevertheless, he turned into a dark alley, spotted the loading dock which was approximately 100 yards from the safety of his own home, and got underneath the loading dock where he claims he hid and fell asleep. Neither of the two acquaintances he claimed to have seen in the Depot Tavern was called to testify.

The appellant was identified by two witnesses who said he was carrying a pipe with a red object on the end of it similar to the pipe found in front of the broken window after the burglary at the jewelry store. Both witnesses remembered the appellant had a distinctive nose. Both witnesses identified the appellant at a lineup which is not challenged on appeal. With the exception of a hat, which was never found, the witnesses described clothing similar to that worn by the appellant at the time of his arrest. The fact that a hat was not found is not surprising, since the police were initially following the trail of jewelry boxes. It was later that they received a description of the appellant and what he was wearing. Although the credibility of these witnesses was attacked, the jury was aware of it. No evidence of ill will against the defendant by these witnesses appears in the record.

The ability of Detective Schmille to immediately produce a picture of the appellant when investigating the burglary and theft is unusual, but nothing more. He testified he usually had half-a-

dozen pictures on him. Although there is some evidence Mr. Dover may have seen the appellant's picture when Detective Schmille showed it to other police officers, no question concerning the subsequent identification of the appellant is raised on appeal.

The deliberation of the jury for two and one-half hours is not sufficient in our opinion to establish prejudicial error.

Taken as a whole, the erroneous admission of the prior burglary convictions from Liberal, Kansas, to show intent, preparation or plan did not prejudice the substantial rights of the appellant. *State v. Donnelson,* supra, upon which the appellant places heavy reliance, involves the admission of evidence of prior robberies without attempting to establish the facts, circumstances or nature of either of the prior robbery offenses, a practice condemned since *State v. King,* 111 Kan. 140, 206 Pac. 883, 22 A.L.R. 1006. Moreover, the record there disclosed the trial court submitted a shotgun type of 60-455 instruction, a practice repeatedly disapproved. The shadow cast on the victim's identification at a lineup, alleged on appeal to be suggestive, further contributed to the court's inability to find overwhelming evidence of guilt. Where the erroneous admission of prior convictions occurs and prejudices the substantial rights of a criminal defendant, this court has been quick to grant relief. (*State v. Cross,* supra; *State v. Donnelson,* supra; and *State v. Clingerman,* 213 Kan. 525, 516 P.2d 1022.) However, such is not the case here.

The judgment of the lower court is affirmed.

PRAGER, J. dissenting:

I respectfully dissent. I am in agreement with the holding of the majority that the trial court erred in admitting evidence of certain prior crimes discussed in the opinion to show intent, preparation, and plan. I cannot agree with the court that evidence of the prior crimes could have been received to prove identity. The prior crimes consisted of two burglaries committed in the city of Liberal. Each of them involved a burglary directed towards a business establishment, which took place during early morning hours at a time when all personnel had vacated the building, and in which entry was forced by the use of a metal tool. The burglary in the case before us was of a jewelry store in which the window glass was broken by a metal instrument. We

have consistently held that where a similar offense is offered for the purpose of proving *identity,* the evidence should disclose sufficient facts and circumstances of the other offense to raise a reasonable inference that the defendant committed both of the offenses. It is not sufficient simply to show that the offenses were violations of the same or a similar statute. (*State v. Bly,* 215 Kan. 168, 523 P.2d 397; *State v. Johnson,* 210 Kan. 288, 502 P.2d 802.)

In this case the trial court was correct in ruling that the prior crimes evidence was inadmissible to show identity. Both of the prior crimes involved actual entry of the defendant into buildings with criminal activities after entry, while the present charge involved a "hitting and running" crime—the smashing of a window and the scooping up of display items. The burglaries in Liberal involved the entering of a meat market with a tire iron and the breaking into a tavern by tearing through the roof of a building with a tire tool and the burglar dropping through a hole made in the ceiling. I cannot accept the proposition that the facts and circumstances of the Liberal burglaries were sufficiently similar to those of the burglary of the jewelry store in this case so as to raise a reasonable inference that the same person committed all of the offenses. The most that can be said is that all three burglaries were of business establishments, late at night at a time when there were no people in the building, and where entry was made by the use of a metal tool. I would venture to assume that these same factors would be present in the vast majority of burglaries directed towards commercial buildings.

I also cannot agree with the majority that the error in the admission of the evidence of the prior Liberal burglaries was harmless error and did not prejudice the substantial rights of the defendant. The credibility of the two witnesses who identified the defendant was at best doubtful. One witness admitted to three prior crimes involving dishonesty and the other witness had been arrested several weeks earlier for the theft which was investigated by the same detective who investigated the present case. Each of the witnesses had a good motive for pointing the finger of guilt at the defendant. Admittedly, the defendant was found in an awkward location about 200 feet from the jewelry store shortly after the crime was committed. Although the defendant's explanation that he was hiding under the loading dock to avoid two men who had threatened him and fell asleep is subject to question, never-

theless, he was entitled to have his defense submitted for the consideration of the jurors whose minds had not been prejudiced by evidence of his prior criminal behavior. How can we reasonably conclude on the basis of a cold, printed record that the jury would not have reached a different verdict had the evidence of defendant's prior crimes not been admitted?

For the reasons set forth above I would reverse the case and grant the defendant a new trial.

MILLER, J., joins in the foregoing dissenting opinion.